(25 Civ. Proc. R. 143; 15 Misc. Rep. 25.)

GILBERT v. McKENNA et al.

(Superior Court of New York City, General Term. December 18, 1895.)

PLEADING—WHEN CAUSE AT ISSUE—REPLY.

Where defendants, or some of them, answer, setting up new matter, the cause is at issue without a reply, in the absence of an order requiring a reply to the new matter.

Appeal from special term.

Action by Lillie H. Gilbert against Cecelia McKenna and others to foreclose a mortgage. From an order denying a motion to strike the cause from the calendar, defendants Dempsey and Smith appeal. Affirmed.

Argued before FREEDMAN and McADAM, JJ.

Blandy, Mooney & Shipman, for appellants.

James Kearney, for respondent.

McADAM, J. The action is to foreclose a mortgage on real property. The appellants were made parties defendant, on the ground that they had, or claimed to have, some interest in or lien upon the mortgaged premises subordinate to that held by plaintiff. They joined issue by an answer setting up an agreement made with the owner of the fee for a mortgage which was to be prior to the one sought to be foreclosed. When the action was called for trial, the appellants moved to strike the cause from the calendar because of the failure of the plaintiff to serve a reply to the new matter pleaded by them. This was on the erroneous theory that the cause was not at issue. The motion was denied, and from the order entered on such denial the present appeal is taken. The appellants have misconceived the practice. No order had been made requiring a reply to the new matter, and it was optional with the plaintiff to serve one. If without an order a reply was proper, the only effect of a failure to make it was to render unnecessary proof of the facts which should have been met by reply. Code, § 522; Bliss, Code Pl. § 396; Randolph v. Mayor, etc., 53 How. Prac. 68; 2 Wait, Prac. 443, 444. The failure does not prevent a plaintiff from bringing the cause to trial, and the effect of the omission is properly determinable thereat. Adams v. Roberts, 1 Civ. Proc. R. 204, 62 How. Prac. 253. Irrespective of the question whether the answer contains a counterclaim requiring a reply, the refusal to strike the cause from the calendar was proper, and the order entered upon such refusal must be affirmed, with costs.

---

(15 Misc. Rep. 4.)

HOWARD et al. v. AMERICAN MANUF'G CO.

(Superior Court of New York City, General Term. December 18, 1895.)

SALE—ACTION FOR PRICE—DEFENSE.

In an action for the price of air propellers guarantied to prevent accumulations of smoke in a room, it appeared that defendant was to furnish the power, to be obtained by attaching the propellers to a line of shafting in

such room; that they were so attached, but the power was insufficient; and that defendant refused to furnish other power. *Held,* that defendant could not avoid liability on the ground of plaintiff's nonperformance, in that the propellers did not do the work.

Appeal from jury term.

Action by John W. Howard and others against the American Manufacturing Company to recover the sum of $487, the contract price of three Blackman Air Propellers erected by plaintiffs on defendant's premises. Judgment was rendered in favor of plaintiffs on the trial by the court, a jury having been waived, and defendant appeals. Affirmed.

The opinion of McADAM, J., on the trial, is as follows:

The plaintiffs were to put up three Blackman Air Propellers in defendant's factory, guarantied to prevent accumulations of smoke in the tempering room. The defendant was to furnish the power required to run the machines. The evidence shows that this power was to be obtained by attaching the propellers to the line of shafting in the tempering room. They were so affixed, but the power proved insufficient to drive them. The defendant undertook to remedy the defect by strengthening the shafting, etc., but this did not cure the difficulty. Mr. Wolff, the defendant's consulting engineer, then suggested that the power be taken from a shaft in the main building, and asked if the plaintiffs would bear half of $100, the expense of the change. The plaintiffs agreed to this, but the defendant declined. The action is to recover $487, the agreed price of the propellers; and the defense, nonperformance, in that the machines did not do their work. The contract was a dependent one, containing concurrent obligations, and, if the plaintiffs performed their part, a recovery may, nevertheless, be had. 3 Am. & Eng. Enc. Law, 910. This upon the principle that, when the obligation by one party presupposes the doing of some act on the part of the other party thereto, the neglect or refusal to perform such act dispenses with the obligation of performance by the other. Mansfield v. Railroad Co., 102 N. Y. 205–211, 6 N. E. 386. And see Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522; Gallagher v. Nichols, 60 N. Y. 438; Niblo v. Binsse, 3 Abb. Dec. 375; Bryon v. Mayor, etc., 54 N. Y. Super. Ct. 411. The machines were to be operated by steam, and the defendant could not, by refusing to furnish the necessary power, absolve itself from the obligation to pay. There can be no doubt about the fact that the plaintiffs connected the machines with power at the proper place. The connection was made at the place designated in the letter which forms the contract, and at the spot agreed upon. Even if the contract had been ambiguous on this point, the law would hold the defendant to that meaning which it knew the other party supposed the words to bear. 2 Pars. Cont. (6th Ed.) 500. The defendant never intimated by word or act that the point where the connection was made was not the agreed place, and never suggested that it should have been made elsewhere. The defendant ought to have accepted the offer to divide the expense of correcting the error in selection, as the plaintiffs were not responsible for the mistake. The defendant's consulting engineer certified that the work, in point of construction, was well done, and this is all that could be required under the circumstances. The plaintiffs are entitled to judgment for the amount claimed (less the $50), with interest aggregating $508, with costs; thirty days to make a case, and a like stay of execution after notice of entry of judgment. Findings passed upon and filed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

C. E. Souther, for appellant.

F. H. Wilson, for respondents.

PER CURIAM. The judgment appealed from should be affirmed, with costs, upon the opinion filed by the learned trial judge.